UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADIHA MINER,<br><br>                    Plaintiff,<br>     v.<br><br>SOCIAL SECURITY<br>ADMINISTRATION,<br><br>                    Defendant. | CASE NO. C19-0821JLR<br><br>ORDER DISMISSING<br>COMPLAINT |

## I. INTRODUCTION

Before the court are (1) *pro se* Plaintiff Madiha Miner's complaint and amended complaint (Compl. (Dkt. ## 1-1, 5); FAC (Dkt. # 6)), and (2) Magistrate Judge Mary Alice Theiler's order granting Ms. Miner *in forma pauperis* ("IFP") status and recommending that the court review Ms. Miner's action pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 7) at 1). Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is

determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that "section 1915(e) applies to all [IFP] complaints," not just those filed by prisoners). As discussed below, Ms. Miner's complaints fall within the category of pleadings that the court must dismiss.

## II. BACKGROUND

On May 30, 2019, Ms. Miner filed a motion for leave to proceed IFP and a proposed complaint. (IFP Mot. (Dkt. # 1); Compl.) On June 5, 2019, Magistrate Judge Theiler granted Ms. Miner IFP status, and Ms. Miner proposed complaint was filed on the docket. (IFP Order; Compl.)

In the initial complaint, Ms. Miner sued Defendant SOCIAL Security Administration ("SSA").[1] (Compl. at 1, 4.)[2] In her complaint, Ms. Miner states that she is "pursuing a case against [SSA] for Malicious Harassment." (*Id.* at 4.) She states that, since SSA is "a federal entity," she believes it is using her information "maliciously and creating a lot of problems" for herself and her family. (*Id.*) She alleges that, in October 2018, she was notified by an auto-recording that her social security number was being used fraudulently "and since then things have been changed for the worst." (*Id.*) Ms.

---

[1] The initial complaint listed two Plaintiffs: Ms. Miner and Makailah Miner. (Compl. at 1.) However, Makailah Miner is omitted from the amended complaint. (*See* FAC at 1. ("Other adult in household doesn't want to be involved.").)

[2] The court cites the page numbers located in the top, right-hand corner of each page, which are generated by the court's electronic filing system.

Miner identifies several ways in which her life has deteriorated but alleges no connection between those unfortunate events and SSA's activities. For example, Ms. Miner asserts that all of her cars "have been vandalized or disabled." (*Id.*) She states that her internet is turned off, and she turned off her phone "due to weird activity." (*Id.*) She avers that, when she schedules appointments with doctors, her calls are redirected to federal employees who have all her information but give her the wrong information. (*Id.*) She alleges that the Housing Authority is stopping her from going to her doctors' appointments. (*Id.*) She believes that the Housing Authority is tampering with her court cases for discrimination and personal injury. (*See id.* at 4-5.) She alleges that her health is not safe with her doctors because federal employees are pretending to be nurses. (*Id.* at 5.) She has noticed that her television at home always comes on with the volume turned to the maximum. (*Id.*) She believes someone entered her home and took all her rent receipts for the current year. (*Id.*) Finally, she acknowledges that she suffers from "extreme anxiety" and feels as though she "cannot trust anyone!" (*Id.*) For relief, she asks the court to "jail all of them!!" (*Id.* at 3.)

Separately, she asserts the King County Housing Authority – Section 8 is violating her civil rights. (*Id.* at 2.) However, she has not named this entity as a defendant in this suit and, like her other allegations, has not connected these assertions to SSA. (*See generally id.*)

On June 3, 2019, Ms. Miner filed a series of documents, which the court liberally construes as an amended complaint. (*See* FAC.) In her amended complaint, Ms. Miner adds additional defendants, although this is not reflected on the court's electronic docket.

(*See* FAC at 2-3.)³ She adds Defendants Issaquah Police Department ("IPD"), King county Housing Authority – Section 8 ("the Housing Authority"), and King County Superior Court – Juvenile ("Superior Court"), although the addition of these Defendants is not noted on the court's docket. (*Id.* at 2-3; *see generally* Dkt.) She makes the same allegations as in her original complaint (*compare* Compl. at 4-5, *with* FAC at 4-5) but with a few additions. (*Compare* Compl., *with* FAC.) Specifically, Ms. Miner asserts in her amended complaint that her legal cases in Superior Court "are being tampered with," and the Housing Authority is violating her civil rights. (FAC at 2.) For relief, she asks the court to reprimand all involved employees. (*Id.* at 7.)

### III. ANALYSIS

As recommended by Magistrate Judge Theiler, the court now considers the adequacy of Ms. Miner's complaints under 28 U.S.C. § 1915(2)(B). (*See* IFP Order at 1.)

**A. Dismissal under 28 U.S.c. § 1915(e)(2)(B)**

Section 1915(e)(2)(B) of Title 28 authorizes a district court to dismiss an IFP complaint "at any time" if the court determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1126-27. The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). An IFP complaint must

---

³ The court cites the page numbers located in the top, right-hand corner of each page, which are generated by the court's electronic filing system.

contain factual allegations "enough to raise a right to relief above the speculative level." *Id.* at 555. An IFP complaint must also comply with the pleading requirements of Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(1)(2). Although Rule 8's pleading standard does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Even liberally construed, Ms. Miner's factual allegations are wholly inadequate to plausibly establish the Defendants' liability and or raise Ms. Miner's "right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. There is no way for either the court or Defendants to discern the nature of Ms. Miner's claims based on her sparse allegations. Any such attempt would be mere speculation. Ms. Miner's complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Ms. Miner's complaint wholly fails to accomplish this requirement. Although her complaint does not need detailed factual allegations, in order to overcome the foregoing deficiencies, she must allege sufficient factual matter to place Defendants on notice of what her claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555-56. Because Ms. Miner fails do so, the court concludes that Ms. Miner's complaints fail to state a claim against Defendants, and the court dismisses her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(2).

//

**B.     Leave to Amend**

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless "it is absolutely clear" that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Ms. Miner fourteen (14) days to file an amended complaint that properly addresses the pleading deficiencies identified herein and any other pleading deficiencies. If Ms. Miner fails to timely comply with this order or fails to file an amended complaint that remedies the afore mentioned deficiencies, the court will dismiss her complaint without leave to amend.

## IV.     CONCLUSION

For the foregoing reasons, the court DISMISSES Ms. Miner's complaints for failure to state claim under 28 U.S.C. § 1915(e)(2)(B). The court, however, GRANTS Ms. Miner leave to file an amended complaint that meets the pleading requirements of federal court within fourteen (14) days of the filing date of this order.

Dated this 28th day of June, 2019.

JAMES L. ROBART
United States District Judge