UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADIHA MINER,<br><br>              Plaintiff,<br><br>   v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendant. | CASE NO. C19-0821JLR<br><br>ORDER REGARDING MOTIONS AND VEXATIOUS LITIGANT SHOW CAUSE ORDER |
| MADIHA MINER,<br><br>              Plaintiff,<br><br>   v.<br><br>KING COUNTY HOUSING AUTHORITY SECTION 8,<br><br>              Defendant. | CASE NO. C19-0822JLR |

ORDER REGARDING MOTIONS AND VEXATIOUS LITIGANT SHOW CAUSE ORDER - 1

## I. INTRODUCTION

Before the court are two motions in case number C19-0821JLR—a motion to appoint counsel (19-0821 Dkt. # 13)[1] and a motion to "cease and desist" directed at Defendant Social Security Administration ("SSA") (19-0821 Dkt. # 14)—and another motion to appoint counsel in case number C19-0822JLR (19-0822 Dkt. # 21). As discussed below, the court DENIES the two motions to appoint counsel and STRIKES the motion to cease and desist. In addition, the court ORDERS Plaintiff Madiha Miner to SHOW CAUSE why the court should not enter a vexatious litigant order against her and impose litigation restrictions upon her in the Western District of Washington.

## II. BACKGROUND

On May 30, 2019, Ms. Miner filed two lawsuits in the Western District of Washington. She filed *Miner v. Social Security Administration*, No. C19-0821JLR (W.D. Wash.), and *Miner v. King County Housing Authority Section 8*, No. C19-0822JLR (W.D. Wash.). On June 28, 2019, the court dismissed both complaints pursuant to 28 U.S.C. § 1915(e), with leave to file amended complaints within 14 days, and denied a series of motions that Ms. Miner had already filed in case number C19-0822JLR. (*See* 19-0821 6/28/19 Order (Dkt. # 9); 19-0822 6/28/19 Order (Dkt. # 16).)

//

---

[1] On July 9, 2019, the court consolidated case numbers C19-0821JLR and C19-0822JLR. (*See* Min. Order (19-0821 Dkt. # 16; 19-0822 Dkt. # 24).) Although any future filings for either case will be placed under case number C19-0821JLR only (*see id.*), pending motions presently remain in both cases. Thus, the court clarifies to which docket it refers by placing the case number before each citation to the record.

ORDER REGARDING MOTIONS AND VEXATIOUS LITIGANT SHOW CAUSE
ORDER - 2

In addition to the above two lawsuits, on June 3, 2019, Ms. Miner removed four of her own actions from King County Superior Court, including: *Miner v. Culjat*, No. C19-0846JLR (W.D. Wash.); *Miner v. King County Superior Court – Juvenile*, No. C19-0847JLR (W.D. Wash.); *Miner v. King County Housing Authority Section Eight*, No. C19-0848JLR (W.D. Wash.); and *Miner v. Issaquah Police Department*, No. C19-0849JLR (W.D. Wash.). On June 19, 2019, the court concluded that it lacked subject matter jurisdiction over Ms. Miner's removed actions and remanded them all to King County Superior Court. (*See* 19-0846 6/19/19 Order (Dkt. # 7); 19-0847 6/19/19 Order (Dkt. # 6); 19-0848 6/19/19 Order (Dkt. # 7); 19-0849 6/19/19 Order (Dkt. # 6).)

Despite the court's orders either dismissing her complaints or remanding her actions, Ms. Miner continued to file numerous, meritless motions in most of her cases. The court will briefly recount Ms. Miner's litigation activity in each of her matters. On July 1, 2019, in case number C19-0821JLR, Ms. Miner filed two frivolous motions (*see* 19-0821 Dkt. ## 10, 11), which the court struck on July 3, 2019 (19-0821 Dkt. # 12). The court also warned Ms. Miner that it would consider entering a vexatious litigant order against her if she continued to file motions prior to filing an amended complaint. (*See id.* at 2-3.) Despite this warning, on July 8, 2019, Ms. Miner filed two more motions—a motion to appoint counsel and a motion to "cease and desist" against SSA. (19-0821 Dkt. ## 13, 14.) These motions are presently pending before the court.

On June 25, 2019, Ms. Miner filed three nonsensical motions in case number C19-0822JLR. (*See* 19-0822 Dkt. ## 7, 9, 11.) The court denied these motions in the same order in which it dismissed her complaint. (19-0822 6/28/19 Order at 6-7.) On July

ORDER REGARDING MOTIONS AND VEXATIOUS LITIGANT SHOW CAUSE
ORDER - 3

1-2, 2019, Ms. Miner filed three more motions in case number C19-0822JLR. (*See* 19-0822 Dkt. ## 17-19.) On July 3, 2019, the court struck these motions and warned Ms. Miner that it would consider entered a vexatious litigant order against her if she continued to file motions prior to filing an amended complaint. (19-0822 Dkt # 20.) Despite this warning, on July 8, 2019, Ms. Miner filed a motion seeking the appointment of counsel. (19-0822 Dkt. # 22.) This motion is presently pending before the court.

On July 8, 2019, despite an order remanding case number C19-0846JLR to King County Superior Court for lack of subject matter jurisdiction (19-0846 Dkt. # 7), Ms. Miner filed a motion to appoint counsel (19-0846 Dkt. # 9). On July 9, the court struck this motion and directed the Clerk not to accept any further filings from Ms. Miner in that matter, except for a notice of appeal, and to return any such attempted filings to her. (19-0846 Dkt. # 11.)

On June 25, 2019, despite an order remanding case number C19-0847JLR to King County Superior Court for lack of subject matter jurisdiction, Ms. Miner filed three nonsensical motions. (*See* 19-0847 Dkt. ## 7, 9, 11; *see also* Dkt # 6 (remanding action).) On June 26, 2019, the court struck these motions. (19-0847 Dkt. # 12.) On July 1, 2019, Ms. Miner filed three more motions. (19-0847 Dkt. ## 14-16.) On July 3, 2019, the court struck these motions and warned Ms. Miner that it would consider entering a vexatious litigant order against her if she continued to file motions in the remanded action. (19-0847 Dkt # 17.) Despite this warning, on July 8, 2019, Ms. Miner filed two more motions—one seeking the appointment of counsel and a second seeking an order directing Defendant King County Superior Court – Juvenile to "cease and

ORDER REGARDING MOTIONS AND VEXATIOUS LITIGANT SHOW CAUSE ORDER - 4

desist." (19-0847 Dkt. ## 18-19.)  On July 9, 2019, the court struck these motions and directed the Clerk not to accept any further filings from Ms. Miner in this matter, except for a notice of appeal, and to return any such attempted filings to her.  (19-0847 Dkt. # 23.)

On June 25, 2019, despite an order remanding case number C19-0848JLR to King County Superior Court for lack of subject matter jurisdiction, Ms. Miner filed three nonsensical motions.  (*See* 19-0848 Dkt. ## 8, 10, 12; *see also* Dkt # 7 (remanding action).)  On June 26, 2019, the court struck these motions.  (19-0848 Dkt. # 17.)  On July 1, 2019, Ms. Miner filed three more motions.  (19-0848 Dkt. ## 18-20.)  On July 3, 2019, the court struck these motions and warned Ms. Miner that it would consider entering a vexatious litigant order against her if she continued to file motions in the remanded action.  (19-0848 Dkt # 21.)  Despite this warning, on July 8, 2019, Ms. Miner filed two more motions—one seeking the appointment of counsel and a second seeking an order directing Defendant King County Housing Authority Section Eight to "cease and desist." (19-0848 Dkt. ## 18-19.)  On July 9, 2019, the court struck these motions and directed the Clerk not to accept any further filings from Ms. Miner in this matter, except for a notice of appeal, and to return any such attempted filings to her.  (19-0848 Dkt. # 27.)

On June 25, 2019, despite an order remanding case number C19-0849JLR to King County Superior Court for lack of subject matter jurisdiction, Ms. Miner filed a motion which the court construed as a motion for reconsideration of its remand order and six other nonsensical motions.  (*See* 19-0849 Dkt. ## 7-13; *see also* Dkt # 6 (remanding

ORDER REGARDING MOTIONS AND VEXATIOUS LITIGANT SHOW CAUSE ORDER - 5

action).) On June 26, 2019, the court denied Ms. Miner's motion for reconsideration and struck the other six motions. (19-0849 Dkt. # 15.) On July 1, 2019, Ms. Miner filed three more motions. (19-0849 Dkt. ## 17-19.) On July 3, 2019, the court struck these motions and warned Ms. Miner that it would consider entering a vexatious litigant order against her if she continued to file motions in the remanded action. (19-0849 Dkt # 20.) Despite this warning, on July 8, 2019, Ms. Miner filed two more motions—one seeking the appointment of counsel and a second seeking an order directing Defendant Issaquah Police Department to "cease and desist." (19-0849 Dkt. ## 22-23.) On July 9, 2019, the court struck these motions and directed the Clerk not to accept any further filings from Ms. Miner in this matter, except for a notice of appeal, and to return any such attempted filings to her. (19-0849 Dkt. # 26.)

On July 8, 2019, the court consolidated case numbers C19-0821JLR and C19-0822JLR. (19-0821 Dkt. # 16; 19-0822 Dkt. # 24.)

### III. ANALYSIS

**A. Pending Motions**

Ms. Miner has two pending motions seeking the appointment of counsel. (19-0821 Dkt. # 13; 19-0822 Dkt. # 22.) Generally, civil litigants have no right to have counsel appointed. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Palmer*, 560 F.3d at 970. A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate her claims *pro se* in light of the complexity of the

legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither of these considerations is dispositive; instead, they must be viewed together. *Id.*

Here, Ms. Miner does not provide any compelling arguments or evidence that persuade the court that this case is likely to succeed on the merits. (*See generally* 19-0821 Dkt. # 13; 19-0822 Dkt. # 22.) Indeed, the court has already dismissed both of Ms. Miner's complaints under 28 U.S.C. § 1915(e). (*See* 19-0821 Dkt. # 9; 19-0822 Dkt. # 21.) Moreover, Ms. Miner has not shown that, in light of the complexity of the legal issues involved, she is unable to articulate her claims *pro se*. Indeed, her litigation activity to date demonstrates the opposite—that she is quite capable of filing myriad motions in support of her positions. (*See generally* 19-0821 Dkt.; 19-0822 Dkt.) Accordingly, Ms. Miner has not demonstrated that either of the consolidated cases involves the type of exceptional circumstances that warrants appointment of counsel by the court, and the court DENIES these motions (19-0821 Dkt. # 13; 19-0822 Dkt. # 21).[2]

Ms. Miner also brings a motion demanding that the court enter a "cease & desist" order against SSA. (*See* 19-0821 Dkt. # 14.) The court has already informed Ms. Miner that it will "not consider any motions . . . until she timely files an amended complaint that satisfies the court's June 28, 2019, order." (19-0821 Dkt. # 12 at 2.) Accordingly, the

---

[2] The Western District of Washington has implemented a plan for court-appointed representation of civil rights litigants "where the Court exercises its discretion to provide such representation." *See* General Order, August 12, 2010, at 1 (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions). Based on the foregoing, the court determines that Ms. Miner's request for court appointed counsel should not be passed on to the pro bono screening committee for further review.

court STRIKES this motion and DIRECTS the Clerk to remove this motion from its calendar (19-0821 Dkt. # 14). In addition, the court DIRECTS the Clerk not to accept any filing in the consolidated cases from Ms. Miner unless it is an amended complaint filed no later than July 12, 2019 (*see* 19-0821 Dkt. # 9; 19-0822 Dkt. # 16), a response to the court's order to show cause as described below, or a notice of appeal.[3]

**B. Order to Show Cause**

As detailed above, the court reviewed the records in the two consolidated cases (Nos. C19-0821JLR, C19-0822JLR), as well as the record in Ms. Miner's four other cases, which she removed to federal court from King County Superior Court (Nos. C19-0846JLR, C19-0847JLR, C19-0848JLR, C19-0849JLR). *See supra* § II. That review demonstrates that Ms. Miner has committed litigation misconduct by filing or removing numerous frivolous actions and repeatedly filing myriad nonsensical motions. *See id.* Ms. Miner's actions have placed an unwarranted burden on this district.

The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Although such orders should be rare, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

---

[3] If Ms. Miner timely files amended complaints that meet the requirements of the court's orders (*see* 19-0821 Dkt. # 9; 19-0822 Dkt. # 16) and Federal Rule of Civil Procedure 8, then the court will lift with foregoing filing restrictions.

ORDER REGARDING MOTIONS AND VEXATIOUS LITIGANT SHOW CAUSE
ORDER - 8

A vexatious litigant order should be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *Id.* at 1147-48; *Molski*, 500 F.3d at 1057.

The first two conditions will be met by this order to show cause. First, Ms. Miner will receive notice via this order to show cause and will be permitted an opportunity to respond. *See Molski*, 500 F.3d at 1058-59 (plaintiff had sufficient notice when he was served with the motion and had an opportunity to respond). Second, there is an adequate record for review. *See, e.g.*, *id.* at 1059 ("The record before the district court contained a complete list of the cases filed by [the plaintiff] . . . , along with the complaints from many of those cases. Although the district court's decision . . . did not list every case filed by [plaintiff], it did outline and discuss many of them."). The court has reviewed the docket in each of Ms. Miner's six cases in this district and discussed each of them in detail. *See supra* § II.

The third factor, whether the litigant's actions are frivolous or harassing, "gets to the heart of the vexatious litigant analysis." *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148). The court must make substantive findings and must look at both the number and content of the litigant's filings. *Id.* The plaintiff's claims must not only be numerous, but also be patently without merit. *Id.* As discussed above and based on the present record, it appears that Ms. Miner's actions have been both numerous and patently without merit. *See, e.g.*, *Moy v. United States*, 906 F.2d 467, 468-70 (9th Cir. 1990)

(entering a vexatious litigant order when the plaintiff filed two consecutive actions against the defendant arising out of the same set of operative facts—each involving several complaints and numerous motions); *Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1263-64 (D. Nev. 2011) (entering a vexatious litigant order where the plaintiff had filed seven actions against the defendants); *Johns v. Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (entering a vexatious litigant order when the plaintiff had filed five similar actions over a period of ten years). The court, however, will reserve ruling in this regard until it has given Ms. Miner an opportunity to respond to this order and to explain her litigation behavior.

Finally, a vexatious litigant order "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1961. Toward this end, the court is considering the entry of a vexatious litigant order requiring Ms. Miner to commence any action in the Western District of Washington with a complaint that meets the notice pleading requirements of Federal Rule of Civil Procedure 8. To ensure compliance with this litigation restriction, the court is considering requiring Ms. Miner to file all future complaints under a miscellaneous case number specifically assigned for this purpose. If, upon review of any future *pro se* complaint filed by Ms. Miner, the court concludes that Ms. Miner's filing fails to comply with the Rule 8 pleading standard, the court could issue an order striking the complaint and directing the Clerk to not assign the complaint a civil case number.

Accordingly, within 14 days from the date of this order, Ms. Miner shall show cause why the court should not issue an order imposing restrictions on any new case she

ORDER REGARDING MOTIONS AND VEXATIOUS LITIGANT SHOW CAUSE ORDER - 10

files in the Western District of Washington. Specifically, those proposed restrictions would include:

 (1) Directing the Clerk to initially file all of Ms. Miner's future *pro se* complaints in a miscellaneous case number specifically designated for this purpose pending the court's review of each such complaint;

 (2) Directing the Clerk not to issue summons in any *pro se* action of Ms. Miner without approval of the presiding court; and

 (3) For any new complaint Ms. Miner files that the court determines suffers from the same defects outlined above, the court may dismiss the action on the basis of a vexatious litigant order without issuing an order to show cause.

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Ms. Miner's motions to appoint counsel (19-0821 Dkt. # 13; 19-0822 Dkt. # 21) and STRIKES her motion to cease and desist and DIRECTS the clerk to remove it from the court's calendar (19-0821 Dkt. # 14). The court also ORDERS Ms. Miner to SHOW CAUSE within 14 days of the filing date of this order why the court should not enter a vexatious litigant order against her as described herein. Finally, the court DIRECTS the Clerk not to accept any filing in the consolidated cases from Ms. Miner unless the filing is an amended complaint filed no

//

//

//

//

later than July 12, 2019, a response to the court's order to show cause, or a notice of appeal.

Dated this 10th day of July, 2019.

JAMES L. ROBART
United States District Judge