UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADIHA MINER,<br><br>            Plaintiff,<br><br>   v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | CASE NO. C19-0821JLR<br><br>ORDER DISMISSING ACTIONS AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT (APPLICABLE TO BOTH CONSOLIDATED ACTIONS) |
| MADIHA MINER,<br><br>            Plaintiff,<br><br>   v.<br><br>KING COUNTY HOUSING AUTHORITY SECTION 8,<br><br>            Defendant. | CASE NO. C19-0822JLR |

## I. INTRODUCTION

On June 28, 2019, the court entered two orders dismissing Plaintiff Madiha Miner's complaints in case numbers C19-0812JLR and C19-0822JLR and allowing Ms. Madiha 14 days to file amended complaints. (19-0821 Dkt. # 9; 19-0822 Dkt. # 16.)[1] The court warned Ms. Miner that if she failed to file amended complaints that corrected her pleading deficiencies, the court would dismiss her complaints without leave to amend. (19-0821 Dkt. # 9 at 6; 19-0822 Dkt. # 16 at 6.) On July 9, 2019, the court consolidated case numbers C19-0812JLR and C19-0822JLR. (*See* Min. Order (19-0821 Dkt. # 16; 19-0822 Dkt. # 24).) On July 11, 2019, Ms. Miner filed amended complaints related to both of her case numbers. (19-0821 Dkt. ## 18, 18-1.) As discussed below, Ms. Miner's amended complaints fail to correct her pleading deficiencies. Accordingly, the court DISMISSES her complaints with prejudice and without leave to amend.

On July 10, 2019, the court issued an order to show cause in the consolidated cases why the court should not enter a vexatious litigant order against Ms. Miner and impose litigation restrictions upon her in the Western District of Washington. (OSC (19-0821 Dkt. # 17) at 8-12.) The court granted Ms. Miner 14 days to respond to the order to show cause. (*Id.* at 10-12.) Ms. Miner failed to timely file a response to the court's order to show cause (*see generally* Dkt.), and accordingly, the court ENTERS a vexatious litigant order against her as set forth below.

---

[1] On July 9, 2019, the court consolidated case numbers C19-0821JLR and C19-0822JLR. (*See* Min. Order (19-0821 Dkt. # 16; 19-0822 Dkt. # 24).) The court clarifies to which docket it refers by placing the case number before each citation to the record.

## II. BACKGROUND

On April 8, 2019, Ms. Miner filed her first suit in the Western District of Washington—*Miner v. Social Security Administration Disability*, No. C19-0505JCC (W.D. Wash.). On July 8, 2019, the Honorable John C. Coughenour granted the defendant's motion to dismiss but allowed Ms. Miner 21 days to file an amended complaint. (19-0505 Dkt. # 8.) Ms. Miner failed to timely file an amended complaint, and on July 8, 2019, Judge Coughenour dismissed her complaint. (19-0505 Dkt. # 13.)

On May 30, 2019, Ms. Miner filed three more lawsuits in the Western District of Washington: (1) *Miner v. Social Security Administration*, No. C19-0821JLR (W.D. Wash.), (2) *Miner v. King County Housing Authority Section 8*, No. C19-0822JLR (W.D. Wash.); and (3) *Miner v. Issaquah Police Department*, No. C19-0823RAJ (W.D. Wash.). On June 28, 2019, the court (1) dismissed both complaints in case numbers C19-0821JLR and C19-0822JLR, pursuant to 28 U.S.C. § 1915(e), with leave to file amended complaints within 14 days, and (2) denied a series of motions that Ms. Miner had already filed in case number C19-0822JLR. (*See* 6/28/19 Order (19-0821 Dkt. # 9); 6/28/19 Order (19-0822 Dkt. # 16).) On July 9, 2019, the court consolidated case numbers C19-0812JLR and C19-0822JLR. (*See* Min. Order (19-0821 Dkt. # 16; 19-0822 Dkt. # 24).) On July 18, 2019, Ms. Miner filed a notice of appeal in the consolidated cases. (Not. of App. (19-0821 Dkt. # 19); *see also* Not. of App. (19-0822 Dkt. # 25).)

Ms. Miner filed 19 motions in case number C19-0823RAJ. (*See* 19-0823 Dkt. ## 9-14, 18, 20-21, 23-24, 26, 28-29, 32-36.) On July 29, 2019, the court dismissed Ms. Miner's complaint in case number C19-0823RAJ with leave to amend no later than

August 12, 2019, and denied or struck each her pending motions. (*See* 19-0823 Dkt. # 37.)

In addition to the above four lawsuits, on June 3, 2019, Ms. Miner removed four of her own actions from King County Superior Court, including: *Miner v. Culjat*, No. C19-0846JLR (W.D. Wash.); *Miner v. King County Superior Court – Juvenile*, No. C19-0847JLR (W.D. Wash.); *Miner v. King County Housing Authority Section Eight*, No. C19-0848JLR (W.D. Wash.); and *Miner v. Issaquah Police Department*, No. C19-0849JLR (W.D. Wash.). On June 19, 2019, the court concluded that it lacked subject matter jurisdiction over Ms. Miner's removed actions and remanded them all to King County Superior Court. (*See* 19-0846 6/19/19 Order (Dkt. # 7); 19-0847 6/19/19 Order (Dkt. # 6); 19-0848 6/19/19 Order (Dkt. # 7); 19-0849 6/19/19 Order (Dkt. # 6).)

Despite the court's orders either dismissing her complaints or remanding her actions, Ms. Miner continued to file meritless motions in most of her cases. The court will briefly recount Ms. Miner's litigation activity in each of her matters. On July 1, 2019, in case number C19-0821JLR, Ms. Miner filed two frivolous motions (*see* 19-0821 Dkt. ## 10, 11), which the court struck on July 3, 2019 (19-0821 Dkt. # 12). The court warned Ms. Miner that it would consider entering a vexatious litigant order against her if she continued to file motions prior to filing an amended complaint. (*See id.* at 2-3.) Despite this warning, on July 8, 2019, Ms. Miner filed two more motions—a motion to appoint counsel and a motion to "cease and desist" against SSA. (19-0821 Dkt. ## 13, 14.) On July 10, 2019, the court denied these motions. (19-0821 Dkt. # 17 at 6-8.)

//

On June 25, 2019, Ms. Miner filed three nonsensical motions in case number C19-0822JLR. (*See* 19-0822 Dkt. ## 7, 9, 11.) The court denied these motions in the same order in which it dismissed her complaint. (19-0822 6/28/19 Order at 6-7.) On July 1-2, 2019, Ms. Miner filed three more motions in case number C19-0822JLR. (*See* 19-0822 Dkt. ## 17-19.) On July 3, 2019, the court struck these motions and warned Ms. Miner that it would consider entering a vexatious litigant order against her if she continued to file motions prior to filing an amended complaint. (19-0822 Dkt # 20.) Despite this warning, on July 8, 2019, Ms. Miner filed a motion seeking the appointment of counsel. (19-0822 Dkt. # 22.) On July 10, 2019, the court denied this motion. (19-0821 Dkt. # 17 at 6-8.)

On July 8, 2019, despite an order remanding case number C19-0846JLR to King County Superior Court for lack of subject matter jurisdiction (19-0846 Dkt. # 7), Ms. Miner filed a motion to appoint counsel (19-0846 Dkt. # 9). On July 9, the court struck this motion and directed the Clerk not to accept any further filings from Ms. Miner in that matter, except for a notice of appeal, and to return any such attempted filings to her. (19-0846 Dkt. # 11.)

On June 25, 2019, despite an order remanding case number C19-0847JLR to King County Superior Court for lack of subject matter jurisdiction, Ms. Miner filed three nonsensical motions. (*See* 19-0847 Dkt. ## 7, 9, 11; *see also* Dkt # 6 (remanding action).) On June 26, 2019, the court struck these motions. (19-0847 Dkt. # 12.) On July 1, 2019, Ms. Miner filed three more motions. (19-0847 Dkt. ## 14-16.) On July 3, 2019, the court struck these motions and warned Ms. Miner that it would consider

entering a vexatious litigant order against her if she continued to file motions in the remanded action. (19-0847 Dkt # 17.) Despite this warning, on July 8, 2019, Ms. Miner filed two more motions—one seeking the appointment of counsel and a second seeking an order directing Defendant King County Superior Court – Juvenile to "cease and desist." (19-0847 Dkt. ## 18-19.) On July 9, 2019, the court struck these motions and directed the Clerk not to accept any further filings from Ms. Miner in this matter, except for a notice of appeal, and to return any such attempted filings to her. (19-0847 Dkt. # 23.)

On June 25, 2019, despite an order remanding case number C19-0848JLR to King County Superior Court for lack of subject matter jurisdiction, Ms. Miner filed three nonsensical motions. (*See* 19-0848 Dkt. ## 8, 10, 12; *see also* Dkt # 7 (remanding action).) On June 26, 2019, the court struck these motions. (19-0848 Dkt. # 17.) On July 1, 2019, Ms. Miner filed three more motions. (19-0848 Dkt. ## 18-20.) On July 3, 2019, the court struck these motions and warned Ms. Miner that it would consider entering a vexatious litigant order against her if she continued to file motions in the remanded action. (19-0848 Dkt # 21.) Despite this warning, on July 8, 2019, Ms. Miner filed two more motions—one seeking the appointment of counsel and a second seeking an order directing Defendant King County Housing Authority Section Eight to "cease and desist." (19-0848 Dkt. ## 18-19.) On July 9, 2019, the court struck these motions and directed the Clerk not to accept any further filings from Ms. Miner in this matter, except for a notice of appeal, and to return any such attempted filings to her. (19-0848 Dkt. # 27.)

On June 25, 2019, despite an order remanding case number C19-0849JLR to King County Superior Court for lack of subject matter jurisdiction, Ms. Miner filed a motion which the court construed as a motion for reconsideration of its remand order and six other nonsensical motions. (*See* 19-0849 Dkt. ## 7-13; *see also* Dkt # 6 (remanding action).) On June 26, 2019, the court denied Ms. Miner's motion for reconsideration and struck the other six motions. (19-0849 Dkt. # 15.) On July 1, 2019, Ms. Miner filed three more motions. (19-0849 Dkt. ## 17-19.) On July 3, 2019, the court struck these motions and warned Ms. Miner that it would consider entering a vexatious litigant order against her if she continued to file motions in the remanded action. (19-0849 Dkt # 20.) Despite this warning, on July 8, 2019, Ms. Miner filed two more motions—one seeking the appointment of counsel and a second seeking an order directing Defendant Issaquah Police Department to "cease and desist." (19-0849 Dkt. ## 22-23.) On July 9, 2019, the court struck these motions and directed the Clerk not to accept any further filings from Ms. Miner in this matter, except for a notice of appeal, and to return any such attempted filings to her. (19-0849 Dkt. # 26.)

On July 8, 2019, Ms. Miner filed three additional lawsuits: (1) *Miner v. Kanner*, No. C19-1047JLR (W.D. Wash.); (2) *Miner v. United States Federal Government*, No. C19-1048JLR (W.D. Wash.); and (3) *Miner v. King County Superior Court*, No. C19-1049JLR (W.D. Wash.). In case number C19-1047JLR, Ms. Miner filed seven motions, including five substantively identical motions seeking the recusal of the

//
//

undersigned,[2] a motion to require the federal government to cease cyberhacking her and her family, and a motion for default judgment—despite failing to provide evidence that she had served any defendant. (19-1047 Dkt. ## 3, 6-7, 11-14.) In case number C19-1048JLR, Ms. Miner filed another motion seeking the recusal of the undersigned,[3] along with a series of additional, frivolous motions. (19-1048 Dkt. ## 5-8, 11, 16-20.)

On July 10, 2019, the court issued an order to show cause why it should not declare Ms. Miner to be a vexatious litigant and impose litigation restrictions upon her in the Western District of Washington. (19-0821 Dkt. # 17 at 8-12.) Ms. Miner failed to file a timely response to the court's order to show cause. (*See generally* 19-0821 Dkt.)

Finally, on July 19, 2019, Ms. Miner filed her most recent lawsuit—*Miner v. Property Concepts, Inc.*, No. C19-1128JLR (W.D. Wash.).

### III. ANALYSIS

**A. Preliminary Matters**

Ms. Miner filed a notice of appeal in case numbers C19-0821JLR and C19-0822JLR. (*See* 19-0821 Dkt. # 19; 19-822 Dkt. # 25.) Ordinarily, a timely notice of appeal divests the district court of jurisdiction. *In re Rains*, 428 F.3d 893, 903 (9th Cir.

//

---

[2] The court denied the first of these motions, and its ruling was upheld by the Chief Judge of the Western District of Washington. (7/15/19 Order (19-1047 Dkt. # 9); 8/1/19 Order (19-1047 Dkt. # 16); *see also* 7/11/19 Mot. (19-1047 Dkt. # 3).) Ms. Miner subsequently filed four additional motions which were substantively identical to the one that the undersigned judge denied and the Chief Judge upheld. (*See* 19-0147 Dkt. ## 11-14.)

[3] The court denied this motion, and the Chief Judge upheld the ruling. (7/15/19 Order (19-1047 Dkt. # 13); 8/12/19 Order (19-1048 Dkt. # 22).)

2005).  However, if the order at issue is interlocutory, an appeal is premature and does not transfer jurisdiction to an appellate court.  *See id.* (citing *Riggs v. Scrivner*, Inc., 927 F.2d 1146, 1148 (10th Cir. 1991)).  The Ninth Circuit Court of Appeals has repeatedly held that an order which dismisses a complaint but grants leave to amend is interlocutory and not an appealable final order.  *See, e.g.*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997); *Suarez-Smith v. BAC Home Loan Servicing, LP*, 512 Fed. App'x 722, 723 (9th Cir. Mar. 21, 2013) (unpublished) ("The district court dismissed [the] complaint with leave to amend . . . . Rather than filing an amended complaint or obtaining a final order of dismissal from the district court, [the plaintiff] filed a notice of appeal.  We therefore lack jurisdiction.").  Thus, the court concludes that jurisdiction remains with this court, and it may consider the ultimate disposition of Ms. Miner's complaints in case numbers C19-0821JLR and C19-0822JLR, as well as the entry of a vexatious litigant order against her.

**B. Dismissal of the Complaints**

On June 28, 2019, the court dismissed Ms. Miner's complaints in the consolidated cases based on 28 U.S.C. § 1915(e)(2)(B).  (19-0821 Dkt. # 9 at 4-5; 19-0822 Dkt. # 16 at 4-6.)  Although Ms. Miner timely filed amended complaints (*see* 19-0821 Dkt. ## 18, 18-1), her amended complaints are as flawed as her original complaints.  Ms. Miner must allege sufficient factual matter to place Defendants on notice of what her claims are and the grounds upon which they rest.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  Yet, once again, there is no way for the court or Defendants to discern the nature of Ms. Miner's claims based on her confusing and conclusory allegations.  (*See id.*)

Because Ms. Miner failed to comply with the court's order to file amended complaints that remedy the deficiencies of her original complaints, the court DISMISSES her complaints without prejudice and without leave to amend.

**C. Vexatious Litigant Order**

As noted above, Ms. Miner did not file a response to the court's order to show cause why it should not declare her to be a vexatious litigant and impose litigation restrictions upon her in the Western District of Washington. (*See generally* 19-0821 Dkt.) Nevertheless, as detailed above, the court has carefully reviewed Ms. Miner's litigation history within the Western District of Washington. *See supra* § II. That review demonstrates that Ms. Miner has committed litigation misconduct by filing or removing numerous frivolous actions and repeatedly filing myriad nonsensical motions. *See id.* Ms. Miner's actions have placed an unwarranted burden on this district.

The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). Although such orders should be rare, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). A vexatious litigant order should be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant

//

order is "narrowly tailored to closely fit the specific vice encountered." *Id*. at 1147-48; *Molski*, 500 F.3d at 1057. The court reviews each of these factors in turn.

   1. <u>Notice and Opportunity to be Heard</u>

The first factor requires that Ms. Miner be given an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147. The court, however, is not require to hold an in-person hearing. *See Gavin v. City & Cty. of S.F.*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016). Courts in this circuit have held that a motion to declare a litigant vexatious does not require oral argument. *See, e.g.*, *Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not include an oral hearing; the opportunity to brief the issue fully satisfies due process requirements.") (internal quotation marks omitted); *Fiechtner v. Young*, No. CV 13-9-M-DLC-JCL, 2013 WL 830653, at *3 (D. Mont. Feb. 6, 2013) ("An opportunity to be heard is satisfied by providing an opportunity to file a brief, and does not necessarily require an oral or evidentiary hearing in court."), *report and recommendation adopted by* 2013 WL 830189 (D. Mont. Mar. 4, 2013). Additionally, at least one circuit court has held that a *pro se* litigant has a right to be heard on paper but is not entitled to an in-person hearing. *See, e.g.*, *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989) ("The notice and opportunity requirement does not, however, require an in-person hearing in the district court.").

The court concludes that the first *De Long* factor is met because Ms. Miner received notice via the court's order to show cause and was permitted an opportunity to

respond—although she failed to do so. *See Molski*, 500 F.3d at 1058-59 (plaintiff had sufficient notice when he was served with the motion and had an opportunity to respond).

   2. <u>Adequate Record for Review</u>

The second *De Long* factor is merely procedural. *De Long*, 912 F.2d at 1147 ("An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant was needed."). The second factor requires only that the court compile a list of actions and filings by the litigant. *See, e.g.*, *Hurt v. All Sweepstakes Contests*, No. C-12-4187-EMC, 2013 WL 144047, at *5 (N.D. Cal. Jan. 11, 2013) (finding the second *De Long* factor was met where the court "compiled a list of all the actions Plaintiff filed"). As discussed in detail in this order, there is an adequate record for review. *See, e.g.*, *id.* at 1059 ("The record before the district court contained a complete list of the cases filed by [the plaintiff] . . . , along with the complaints from many of those cases. Although the district court's decision . . . did not list every case filed by [plaintiff], it did outline and discuss many of them."). The second factor is met because the court reviewed the docket in each of Ms. Miner's cases in this district and discussed each of them in detail. *See supra* § II.

   3. <u>Frivolous or Harassing Filings</u>

The third *De Long* factor—whether the litigant's actions are frivolous or harassing—"gets to the heart of the vexatious litigant analysis." *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148). The court must make substantive findings and must look at both the number and content of the litigant's filings. *Id*. The plaintiff's claims must not only be numerous, but also patently without merit. *Id*. As discussed

above, Ms. Miner's actions have been both numerous and patently without merit. *See supra* § II; *see also, e.g.*, *Moy v. United States*, 906 F.2d 467, 468-70 (9th Cir. 1990) (entering a vexatious litigant order when the plaintiff filed two consecutive actions against the defendant arising out of the same set of operative facts—each involving several complaints and numerous motions); *Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1263-64 (D. Nev. 2011) (entering a vexatious litigant order where the plaintiff had filed seven actions against the defendants); *Johns v. Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (entering a vexatious litigant order when the plaintiff had filed five similar actions over a period of ten years).

In its July 10, 2019, order to show cause, the court noted the appropriate standard for determining whether a litigant's actions are frivolous or harassing, but reserved making a final determination until after Ms. Miner had an opportunity to respond and explain her litigation conduct. (19-0821 Dkt. # 17 at 8-12.) Ms. Miner failed to file a timely response to the court's order. (*See generally* 19-0821 Dkt.) Accordingly, based on Ms. Miner's profligate case filings and her failure to respond to the court's order to show cause, the court finds that she is a vexatious litigant upon whom the court should impose certain pre-filing requirements.

    4.  <u>Narrowly Tailored</u>

Finally, a vexatious litigant order "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1961. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De*

//

*Long*, 912 F.2d at 1148 (citing *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)).

Toward this end, the court finds it appropriate to deem Ms. Miner a vexatious litigation and to impose the following narrowly-tailored pre-filing requirements upon her by directing the Clerk as follows and entering the following order:

(1) The Clerk is DIRECTED to file all of Ms. Miner's *pro se* complaints in a miscellaneous case number specifically designated for this purpose pending the court's review of each such complaint;

(2) The Clerk is DIRECTED not to issue summons in any *pro se* action of Ms. Miner without approval of the presiding court; and

(3) For any complaint Ms. Miner files that the court determines suffers from the same defects outlined above, the court may dismiss the action on the basis of this vexatious litigant order without issuing an order to show cause.

## IV. CONCLUSION

Based on the foregoing analysis, the court DISMISSES Ms. Miner's complaints in the consolidated case numbers C19-0821JLR and C19-0822JLR with prejudice and

//
//
//
//
//
//

without leave to amend.  Further, the court DECLARES Ms. Miner to be a vexatious litigant subject to the narrowly tailored pre-filing restrictions as described herein.

Dated this 14th day of August, 2019.

*/s/ James L. Robart*
JAMES L. ROBART
United States District Judge